**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 17-4036**

─────────────

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

MICHAEL ANDREW DAVILA,

     Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George J. Hazel, District Judge. (8:15-cr-00233-GJH-1)

─────────────

Submitted: August 29, 2017         Decided: September 13, 2017

─────────────

Before GREGORY, Chief Judge, and MOTZ and TRAXLER, Circuit Judges.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

─────────────

William B. Purpura, Jr., OFFICE OF WILLIAM PURPURA, Baltimore, Maryland, for Appellant. Kristi Noel O'Malley, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Andrew Davila pled guilty, pursuant to a written plea agreement, to transportation of a minor for prostitution, 18 U.S.C. § 2423(a) (2012), and was sentenced to 175 months' imprisonment. On appeal, counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Davila's guilty plea was valid and whether Davila's sentence is reasonable. Although advised of his right to file a supplemental pro se brief, Davila has not done so. The United States seeks to dismiss the appeal, in part, based on the appellate waiver provision in the plea agreement. We affirm in part, and dismiss in part.

Counsel first questions the validity of Davila's guilty plea. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Davila did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009).

We have reviewed the transcript of Davila's Rule 11 hearing and find that Davila's plea was knowing and voluntary and that Davila has not established error in his

2

Rule 11 hearing. Although counsel asserts that the district court failed to specifically inform Davila that he had the right to plead not guilty and proceed to trial, this assertion is belied by the record. Counsel also asserts that the court failed to inform Davila that he would have had the right to court appointed counsel on appeal. Although the court did fail to inform Davila that he would have been entitled to appointed counsel on appeal, nothing in the record suggests that this oversight affected Davila's decision to plead guilty; accordingly, we find that it does not constitute reversible error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Next, counsel questions the reasonableness of Davila's sentence. However, the government has moved to dismiss this portion of the appeal on the basis of the appellate waiver in Davila's plea agreement. This court reviews de novo a defendant's waiver of appellate rights. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *Id.* (internal quotation marks omitted). To determine whether the waiver is knowing and voluntary, this court often looks to the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, but ultimately the determination turns on "the totality of the circumstances." *Id.* (internal quotation marks omitted). In evaluating the totality of the circumstances, courts consider "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotation marks omitted). We "will enforce the waiver

if it is valid and the issue appealed is within the scope of the waiver." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted).

After reviewing the plea hearing transcript, we conclude that Davila knowingly and intelligently waived the right to appeal his sentence. The district court specifically questioned Davila about the written appellate waiver and confirmed that he understood he was waiving his right to appeal by entering the agreement. The terms of the waiver were "clear and unmistakable." *See Blick*, 408 F.3d at 169. Davila does not contend that the district court failed to question him concerning the appellate waiver or that he did not understand the full significance of the waiver. Based on the totality of the circumstances, we find that Davila's appeal waiver was both knowing and intelligent and, therefore, enforceable as to issues within its scope.

Given a valid appeal waiver, the second issue is whether any issue raised by the defendant is within the scope of that waiver. *Blick*, 408 F.3d at 169. The reasonableness of Davila's sentence is clearly within the scope of the waiver; accordingly, we grant the government's motion to dismiss, in part, as to Davila's appeal of his sentence.

In accordance with *Anders*, we have reviewed the record for any potentially meritorious, unwaived issues, and we have found none. We therefore affirm Davila's conviction and dismiss the appeal as to his sentence. This court requires that counsel inform Davila, in writing, of his right to petition the Supreme Court of the United States for further review. If Davila requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was

4

served on Davila. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*